| | |
|---|---|
| Christopher Louis Medina, | ) |
| | ) Case No. 4:20-cv-00061 |
| and | ) |
| | ) |
| Laurie Christine Medina, | ) |
| | ) |
|             Plaintiffs, | ) |
| vs. | ) |
| | ) |
| Equity Bancshares, Inc., | ) |
| | ) |
| Serve CEO Brad Elliott at: | ) |
| 7701 E. Kellogg Dr., Suite 300 | ) |
| Wichita, KS 67207 | ) |
| | ) |
| and | ) |
| | ) |
| Synchrony Financial, | ) |
| | ) |
| Serve CEO Margaret M. Keane at: | ) |
| 777 Long Ridge Rd. | ) |
| Stamford, CT 06902 | ) |
| | ) |
| and | ) |
| | ) |
| Discover Financial Services, | ) |
| | ) |
| Serve CEO Roger C. Hochschild at: | ) |
| 2500 Lake Cook Rd. | ) |
| Riverwoods, IL 60015 | ) |
| | ) |
| and | ) |
| | ) |
| Trans Union LLC, | ) |
| | ) |
| Serve Registered Agent at: | ) |
| The Prentice-Hall Corporation | ) |
| 221 Bolivar Street | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
|             Defendants. | ) |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Christopher Louis Medina and Laurie Christine Medina, by and through their attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq*., in their Complaint for Damages state and allege to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumers Christopher Louis Medina and Laurie Christine Medina against Equity Bancshares, Inc., Synchrony Financial, Discover Financial Services, and Trans Union LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2. Venue in this Court is proper in that each defendant transacts business in the state of Missouri and Missouri is where the injuries occurred.

## PARTIES AND SERVICE

3. Christopher Louis Medina and Laurie Christine Medina (hereafter "**Plaintiffs**"), are natural persons who, at all times relevant, reside in the State of Missouri.

4. Defendant Equity Bancshares, Inc. (hereafter "**Defendant Equity**"), is a financial institution that regularly serves customers in Missouri and may be served through its CEO Brad Elliott, at 7701 E. Kellogg Dr., Suite 300, Wichita, KS 67207.

5. Defendant Synchrony Financial, (hereafter "**Defendant Synchrony**"), is a consumer financial services company that regularly serves customers in Missouri and may be served through its CEO Margaret M. Keane, at 777 Long Ridge Rd., Stamford, CT 06902.

6. Defendant Discover Financial Services, (hereafter "**Defendant Discover**"), is a financial institution that regularly serves customers in Missouri and may be served through its CEO Roger C. Hochschild, at 2500 Lake Cook Rd., Riverwoods, IL 60015.

7. Defendant Trans Union LLC, (hereafter "**Defendant TU**"), is a business entity that regularly conducts business in Missouri and may be served through its Registered Agent, The Prentice-Hall Corporation, at 221 Bolivar Street, Jefferson City, MO 65101.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. On June 14, 2019, Plaintiffs filed a Chapter 7 bankruptcy in the Western District of Missouri as Case No. 19-41531-drd7.

9. The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on March 8, 2019 showing Defendant Equity, Defendant Synchrony, and Defendant Discover were all sent notice of Plaintiffs' bankruptcy.

10. The BNC Certificate of Mailing of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

11. Plaintiffs had a car loan on a 2014 Chevy Cruze with Defendant Equity that was reaffirmed on August 16, 2019.

12. Equity Reaffirmation Agreement is attached as Exhibit B.

13. The debt owed to Defendant Equity was excepted from Plaintiffs' discharge.

14. Plaintiffs had unsecured debts owed to Defendant Synchrony for a JCPenney credit card, and to Defendant Discover that were discharged through their Chapter 7 bankruptcy.

15. The pertinent pages of Plaintiffs' Schedule F are attached as Exhibit C.

16. Plaintiffs received their discharge on September 25, 2019.

17. The Notice of Discharge of Debtor was entered on June 14, 2019, showing Defendant Equity, Defendant Synchrony, and Defendant Discover were sent notice of Plaintiffs' discharge.

18. The BNC Certificate of Mailing of the Notice of Discharge of Debtor is attached as Exhibit D.

19. On November 6, 2019, Plaintiffs requested and reviewed their credit reports from Equifax, Experian and Defendant TU.

20. Plaintiffs became aware that Defendant Equity, Defendant Synchrony, and Defendant Discover were all misreporting on their credit reports.

21. Defendant Equity was incorrectly reporting to Experian and Defendant TU that the vehicle debt was discharged through Plaintiffs' Chapter 7 Bankruptcy, rather than reaffirmed.

22. The pertinent pages of Plaintiffs incorrect Experian and Trans Union credit reports are attached as Exhibit E.

23. For Plaintiff Laurie Medina, Defendant Synchrony was incorrectly reporting to Experian that the debt was Charged Off, with a Charge Off Amount of $758,

24. The pertinent pages of Plaintiff Laurie Medina's incorrect Experian credit report are attached as Exhibit F.

25. For Plaintiff Christopher Medina, Defendant Discover was incorrectly reporting to Equifax, Experian and Defendant TU that the debt was Charged Off, with a Charge Off Amount of $1,621.

26. The pertinent pages of Plaintiff Christopher Medina's incorrect credit reports are attached as Exhibit G.

4

27. On November 12, 2019, Plaintiffs sent letters to Equifax, Experian and Defendant TU disputing the incorrect reporting in accordance with 15 U.S.C. §1681i.

28. Copies of Plaintiffs' dispute letters are attached as Exhibit H.

29. Defendant TU failed to send Automated Consumer Dispute Verifications ("ACDV's") to Defendant Equity as required by 15 U.S.C. §1681i, and the incorrect reporting remains.

30. The pertinent pages of Plaintiffs' Trans Union reinvestigation results are attached as Exhibit I.

31. For Plaintiff Laurie Medina, Experian sent an ACDV to Defendant Equity as required by 15 U.S.C. §1681i, and Defendant Equity failed to conduct a reasonable investigation and correct its reporting.

32. The pertinent page of Plaintiff Laurie Medina's Experian reinvestigation results is attached as Exhibit J.

33. For Plaintiff Laurie Medina, Experian sent an ACDV to Defendant Synchrony as required by 15 U.S.C. §1681i, and Defendant Synchrony failed to conduct a reasonable investigation and correct its reporting.

34. The pertinent pages of Plaintiff Laurie Medina's Experian reinvestigation results are attached as Exhibit K.

35. For Plaintiff Christopher Medina, Experian sent an ACDV to Defendant Discovery as required by 15 U.S.C. §1681i, and Defendant Discover failed to conduct a reasonable investigation and correct its reporting.

36. The pertinent page of Plaintiff Christopher Medina's Experian reinvestigation results is attached as Exhibit L.

37. Defendant Equity's failure to conduct a reasonable investigation of Plaintiff Laurie Medina's account was a substantial factor causing Plaintiff Laurie Medina reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

38. Defendant Synchrony's failure to conduct a reasonable investigation of Plaintiff Laurie Medina's account was a substantial factor causing Plaintiff Laurie Medina reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

39. Defendant Discover's failure to conduct a reasonable investigation of Plaintiff Christopher Medina's account was a substantial factor causing Plaintiff Christopher Medina reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to his fresh start entitled under the Bankruptcy Code.

40. Defendants TU's failure to conduct a reasonable reinvestigation of Plaintiffs' accounts and notify any of the disputed furnishers was a substantial factor causing Plaintiffs reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles

driving in order to tend to this matter, inconvenience and the hindrance to their fresh start entitled under the Bankruptcy Code.

41. The inaccurate information negatively reflects upon Plaintiffs, Plaintiffs' credit repayment histories, Plaintiffs' financial responsibility as debtors and Plaintiffs' credit worthiness.

## COUNT I
## EQUITY BANCSHARES, INC.
## VIOLATIONS OF THE FCRA

42. Plaintiffs repeat, reallege and incorporate by reference each and every prior paragraph in this Complaint.

43. Plaintiffs are both a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

44. Defendant Equity qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

45. The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

46. Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

47. The FCRA also provides privately enforceable duties where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the CRAs. 15 U.S.C. § 1681i.

48. After receipt of a disputed account from a CRA, a furnisher has a duty to reinvestigate and review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

7

49. The courts have consistently adopted the standard that the furnisher's reinvestigation must be evaluated under a reasonable investigation standard, which should be evaluated from a number of factors.

50. The furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

51. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

52. It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

53. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

54. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as Equity as for costs and attorney fees. 15 U.S.C. § 1681n.

55. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

56. After receiving notice of Plaintiff Laurie Medina's dispute letter from Experian, Defendant Equity should have conducted a reasonable investigation and properly updated the information reported on Plaintiff Laurie Medina's account, but failed to do so.

57. As a result of the actions of Defendant Equity, Plaintiff Laurie Medina suffered damages including reduced credit scores, emotional distress and frustration.

58. The plain language of the FCRA's damages provisions permits Plaintiff Laurie Medina to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

59. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as Defendant Equity as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

60. Defendant Equity was notified of Plaintiff Laurie Medina's dispute letter from Experian requesting an investigation that it was reporting inaccurate information on Plaintiff Laurie Medina's credit reports, but elected to ignore that information it received, failed to do reasonable investigations and refused to fully correct Plaintiff Laurie Medina's credit reports.

61. The purpose of the investigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself in light of available information.

62. Defendant Equity knew it was required by law to have investigation procedures and protocols in place to conduct investigations of Plaintiff Laurie Medina's account, and Defendant Equity's failure and refusal to have proper procedures in place to conduct reasonable investigations of Plaintiff Laurie Medina's account constitutes willful, conscious and reckless

disregard for Plaintiff Laurie Medina's rights, including those under the FCRA.

63. Defendant Equity's failure and refusal to conduct reasonable investigations and correct the information it is furnishing to the credit reporting agencies concerning Plaintiff Laurie Medina's account constitutes a willful violation of the FCRA.

64. Defendant Equity fails and refuses to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

65. This failure and refusal are compounded by Defendant Equity's failure and refusal to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies and is willful, intentional and in conscious disregard of the rights of Plaintiff Laurie Medina and others justifying the imposition of punitive damages.

WHEREFORE, Plaintiff Laurie Medina prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages in such sum as will deter Equity Bancshares, Inc. and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## COUNT II
## SYNCHRONY FINANCIAL
## VIOLATIONS OF THE FCRA

66. Plaintiffs repeat, reallege and incorporate by reference each and every prior paragraph in this Complaint.

67. Defendant Synchrony qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

68. After receiving notice of Plaintiff Laurie Medina's dispute letter from Experian, Defendant Synchrony should have conducted a reasonable investigation and properly updated the information reported on Plaintiff Laurie Medina's account, but failed to do so.

69. As a result of the actions of Defendant Synchrony, Plaintiff Laurie Medina suffered damages including reduced credit scores, emotional distress and frustration.

70. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as Defendant Synchrony as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

71. Defendant Synchrony was notified of Plaintiff Laurie Medina's dispute letter requesting an investigation that it was reporting inaccurate information on Plaintiff Laurie Medina's credit reports, but elected to ignore that information it received, failed to do reasonable investigations and refused to fully correct Plaintiff Laurie Medina's credit reports.

72. Defendant Synchrony knew it was required by law to have investigation procedures and protocols in place to conduct investigations of Plaintiff Laurie Medina's account, and Defendant Synchrony's failure and refusal to have proper procedures in place to conduct reasonable investigations of Plaintiff Laurie Medina's account constitutes willful, conscious and reckless disregard for Plaintiff Laurie Medina's rights, including those under the FCRA.

73. Defendant Synchrony's failure and refusal to conduct reasonable investigations and correct the information it is furnishing to the credit reporting agencies concerning Plaintiff Laurie Medina's account constitutes a willful violation of the FCRA.

74. Defendant Synchrony fails and refuses to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

75. This failure and refusal are compounded by Defendant Synchrony's failure and refusal to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies and is willful, intentional and in conscious disregard of

the rights of Plaintiff Laurie Medina and others justifying the imposition of punitive damages.

WHEREFORE, Plaintiff Laurie Medina prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages in such sum as will deter Synchrony Financial and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## COUNT III
## DISCOVER FINANCIAL SERVICES
## VIOLATIONS OF THE FCRA

76. Plaintiffs repeat, reallege and incorporate by reference each and every prior paragraph in this Complaint.

77. Defendant Discover qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

78. After receiving notice of Plaintiff Christopher Medina's dispute letter from Experian, Defendant Discover should have conducted a reasonable investigation and properly updated the information reported on Plaintiff Christopher Medina's account, but failed to do so.

79. As a result of the actions of Defendant Discover, Plaintiff Christopher Medina suffered damages including reduced credit scores, emotional distress and frustration.

80. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as Defendant Discover as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

81. Defendant Discover was notified of Plaintiff Christopher Medina's dispute letter requesting an investigation that it was reporting inaccurate information on Plaintiff Christopher Medina's credit reports, but elected to ignore that information it received, failed to do reasonable

12

investigations and refused to fully correct Plaintiff Christopher Medina's credit reports.

82. Defendant Discover knew it was required by law to have investigation procedures and protocols in place to conduct investigations of Plaintiff Christopher Medina's account, and Defendant Discover's failure and refusal to have proper procedures in place to conduct reasonable investigations of Plaintiff Christopher Medina's account constitutes willful, conscious and reckless disregard for Plaintiff Laurie Medina's rights, including those under the FCRA.

83. Defendant Discover's failure and refusal to conduct reasonable investigations and correct the information it is furnishing to the credit reporting agencies concerning Plaintiff Christopher Medina's account constitutes a willful violation of the FCRA.

84. Defendant Discover fails and refuses to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

85. This failure and refusal are compounded by Defendant Discover's failure and refusal to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies and is willful, intentional and in conscious disregard of the rights of Plaintiff Christopher Medina and others justifying the imposition of punitive damages.

WHEREFORE, Plaintiff Christopher Medina prays judgment in his favor for damages as provided by the FCRA in such amount as fair and reasonable, for his actual damages incurred, for the imposition of punitive damages in such sum as will deter Discover Financial Services and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

# COUNT IV
# TRANS UNION LLC
# VIOLATIONS OF THE FCRA

86. Plaintiffs repeat, reallege, and incorporates by reference each and every prior paragraph in this Complaint.

87. Defendant TU is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a (f).

88. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

89. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant TU is liable to Plaintiffs for engaging in the following conduct:

   a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiffs in violation of 15 U.S.C. §1681i(a);

   b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiffs' disputes to the disputed furnishers, in violation of 15 U.S.C. §1681i(a);

   c. Willfully and negligently failing to provide all relevant information provided by Plaintiffs regarding the disputes of the inaccurate information to the disputed furnishers, in violation of 15 U.S.C. §1681i(a);

   d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiffs concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   e. Willfully and negligently failing to timely and properly investigate the

inaccurate information after receiving notice of the disputes from Plaintiffs; and

f. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, information and files, in violation of 15 U.S.C. §1681e(b).

90. Defendant TU's conduct was a direct and proximate cause in bringing about the actual damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant TU is liable to Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiffs pray judgment in their favor for damages as provided by the FCRA in such amount as fair and reasonable, for their actual damages incurred, for the imposition of punitive damages in such sum as will deter Trans Union LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Christopher Louis Medina and Laurie Christine Medina respectfully request this Court award the following:

a. Actual Damages;

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Correction of all misreported information on Plaintiffs' Equifax, Experian and Trans Union credit reports; and

f. For such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Chelsea S. Herring
Chelsea S. Herring #51089
The Law Offices of Tracy L. Robinson, LC
818 Grand Boulevard, Suite 505
Kansas City, MO  64106
Phone:  (816) 778-7328 Direct
Fax:     (816) 842-0315
chelseah@tlrlaw.com
Attorney for Plaintiffs